Dear Mr. Hodgkins:
On behalf of the Sheriff of West Feliciana Parish, you have requested the opinion of this office regarding the redemption of property sold at tax sale. I have also spoken with Ms. Charlene Rachal, of the West Feliciana Sheriff's office, regarding your request.
According to Ms. Rachal, property assessed in the name of a deceased taxpayer was advertised and set for tax sale. At the advertised time of the tax sale, three bidders all bid the full amount of the taxes, interest and costs owed in connection with the delinquent taxes. The Sheriff stopped the sale at that point, and immediately reset the sale for an hour later in the same day. At that time, only two of the original three bidders showed up, and one of those bidders purchased the property, for the amount of the taxes, interest and costs due. Subsequently, the third bidder, who had not appeared at the reset sale, attempted to redeem the property, on behalf of and or in the name of the deceased (delinquent) taxpayer.
Our opinion regarding the conduct of the sale has not been requested, and we have been requested to limit our opinion to only the following question:
 Can an unsuccessful bidder at a parish tax sale redeem the property, in the name of, or on behalf of the delinquent taxpayer, if his only interest in the property is the hope that he will be the successful bidder at a subsequent tax sale?
La. Const. (1974) Art. VII, Sec. 25(B) provides as follows:
 "The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption."
The laws applicable to redemption are contained in La. R.S.47:2221 et seq. R.S. 47:2222 provides in pertinent part:
 "A. The person redeeming property, in whole or in part, shall pay all taxes assessed upon the property redeemed subsequent to the tax sale with interest at the rate of one percent per month until redeemed. B. In all cases where two or more lots or parcels of land have been assessed as a whole without distinguishing the valuation of each lot or parcel separately and have been adjudicated as a whole to a tax purchaser in the name of any one person, the owner or any person interested personally, or as heir, legatee, creditor or otherwise, may redeem a lot or lots or parcels of ground by paying to the tax purchaser the proportionate taxes due thereon together with interests, costs and five percent penalty thereon. The person in interest shall secure a certificate signed by the assessor and approved by the tax collector of the parish in which the property is located showing the proportion of taxes due on the lot or lots or parcels of land desired to be redeemed."
As we interpret this statute, only the owner, or one personally interested in the property, or an individual with an interest as an heir, legatee, creditor or otherwise may redeem property sold at a tax sale. This interpretation is consistent with R.S. 47:2224, which requires one who attempts to redeem property adjudicated to the state or one of its political subdivisions to have an "interest" in the property sought to be redeemed.
The meaning of "interest", as contained in these statutes, was addressed in Opinion No. 74-1236. A copy has been included for your convenience. As stated in that Opinion, "interest" has been interpreted by the courts liberally, but there must still be some minimum legal connexity between the redemptioner and the property.
It is the opinion of this office that an unsuccessful bidder at a tax sale, whose only interest in the property arises by virtue of the tax sale, does not have the requisite legal interest necessary to redeem the property so sold.
I trust that this answers your inquiry. If we can be of any further assistance, please contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/198n
cc: Ms. Charlene Rachal Mr. Charles E. Griffin, II